EL HAG & ASSOCIATES

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

July 16, 2025

**Via ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: Chaudhry v. MedWiz Pharmacy, LLC, et al.**
**Case No.: 7:24-cv-07915**
**Letter Regarding Scope of Fact Discovery Extension**

Dear Judge Halpern:

I write to respectfully request a second extension of the fact discovery deadline. I remain mindful of the Court's strong commitment to efficient and timely case management. However, despite diligent efforts, several unresolved issues—outlined below—require additional time to complete core written discovery and proceed with depositions.

Pursuant to Your Honor's Individual Rules of Practice, this is the second request for an extension of the fact discovery deadline. The first request was granted on June 13, 2025 (ECF No. 24). The current deadline is August 2, 2025. Defendants do not consent to this request in full. They contend that Plaintiff's recent discovery demands, including electronically stored information (ESI) and requests for admission (RFAs), are untimely and fall outside the scope of the prior extension order.

To date, no depositions have been conducted—including that of Plaintiff—due to several unresolved discovery issues. Proceeding with depositions at this time would be premature and inefficient without first resolving the disputes outlined below.

**Issue 1: The Need to Amend the Complaint**

One of the key issues prompting this extension request is the dispute concerning claims against Defendant Eric Newhouse. On July 2, 2025—shortly after Plaintiff served ESI discovery

targeting Mr. Newhouse's personal and professional communications, including those potentially related to Plaintiff's termination and internal discussions of the Israel–Palestine conflict—Defendants served a proposed Rule 11 sanctions motion. This was the first time they raised any formal objection to Mr. Newhouse's inclusion in the case. Notably, Defendants did not move to dismiss those claims at the outset of litigation and initially identified Mr. Newhouse in their Rule 26(a) disclosures as someone with knowledge relevant to Plaintiff's claims.

While Plaintiff maintains the claims are legally and factually sufficient, we acknowledge that the operative complaint does not expressly assert an *aider and abettor* theory under the NYSHRL or NYCHRL. To streamline the litigation and avoid unnecessary motion practice, Plaintiff intends to amend the complaint to include that claim and to withdraw the Title VII claims against Mr. Newhouse, which are not viable under federal law.

However, the context surrounding Defendants' Rule 11 threat raises serious concern. Mr. Newhouse's inclusion in the initial disclosures appeared to confirm his relevance as a potential witness. Only after Plaintiff sought targeted ESI from Mr. Newhouse did Defendants reverse course—asserting his inclusion in the disclosures was a mistake and threatening sanctions unless Plaintiff voluntarily dismissed the claims. This reversal, paired with the timing of the Rule 11 threat, suggests an effort to chill discovery and avoid production of communications that may be probative of liability.

During the parties' meet and confer, Defendants asserted that Mr. Newhouse was not involved in the decision to terminate Plaintiff. Plaintiff responded that personal involvement in the termination decision is not required under state and city law, and that Mr. Newhouse's role as CEO, coupled with his access to relevant communications, justifies discovery regardless of whether he remains a named defendant. [1] Plaintiff also advised that discovery related to Mr. Newhouse will proceed either way.

Plaintiff must now amend the complaint to withdraw the federal claim against Mr. Newhouse and assert aider and abettor claims under the New York State and City Human Rights Laws. Defendants have not consented to this amendment. As a result, Plaintiff will be required to move for leave to amend pursuant to Rule 15. If Plaintiff does not amend, Defendants have made clear their intent to pursue Rule 11 sanctions. In short, Plaintiff is being forced into motion practice—either to amend or to defend against a sanctions motion—for the sole purpose of preserving claims based on the same facts already pled. Under these circumstances, Court intervention is warranted.

---

[1] Under both the New York State and City Human Rights Laws, an individual—including a corporate officer—may be held liable as an aider and abettor if they participate in or fail to remedy discriminatory conduct. See *N.Y. Exec. Law § 296(6)*; *N.Y.C. Admin. Code § 8-107(6)*. The Court of Appeals in *Doe v. Bloomberg L.P.*, 36 N.Y.3d 450, 461 (2021), confirmed that while corporate officers cannot be sued as "employers," they may still be liable as aiders and abettors. See also *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004) (liability appropriate where individual "actually participates in the conduct giving rise to a discrimination claim"); *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 367 (S.D.N.Y. 2012). As CEO, Mr. Newhouse's failure to intervene in or investigate alleged misconduct may support liability under this standard.

**Issue 2: The Need to Obtain Additional Written and E-Discovery**

Defendants are attempting to weaponize the Court's discovery schedule to avoid producing critical evidence—refusing to respond to Plaintiff's timely Requests for Admission and ESI protocol, despite a history of evasive and incomplete discovery responses. Their position: the Court's June 13, 2025 Order does not authorize further written discovery—is both procedurally meritless and inconsistent with the conduct of the parties up to this point.

On June 13, 2025, the Court granted the parties' joint request to extend the deadline "to complete fact discovery" by 60 days (ECF No. 24). The language of that request contained no limitation to depositions, and Defendants raised no reservation at the time suggesting they intended to exclude supplemental written discovery. Plaintiff served additional targeted demands on June 23, 2025, including: (1) A Second Request for Production; (2) Requests for Admission; (3) A proposed ESI protocol identifying relevant custodians, search terms, and date ranges.

Defendants have agreed to respond to the Second Request for Production. However, they continue to refuse to respond to the RFAs or engage in any ESI process—asserting that these demands fall outside the scope of the Court's prior extension. That argument is contrary to the text and intent of the Order and has the practical effect of shielding Defendants from producing highly relevant electronic communications.

Defendants' refusal to respond to Plaintiff's Requests for Admission and ESI protocol is a tactical reversal, contradicted by their own prior request for a broad discovery extension. In their June 12, 2025 letter to the Court (ECF No. 23), Defendants sought "a sixty (60) day extension of time to complete fact discovery" without limiting the request to depositions or reserving objections to further written discovery. Only after Plaintiff served targeted follow-up demands did Defendants claim the extension excluded such discovery. This shift underscores a pattern of gamesmanship and reinforces the concern that Defendants are using procedural pretexts to avoid producing key evidence.[2]

Plaintiff's supplemental requests were not made in a vacuum. They were prompted by glaring deficiencies in Defendants' prior production. Despite their April 2025 representation that documents would be produced "on a rolling basis," Defendants made only one limited production and failed to supplement their responses under Rule 26(e)(1).

Defendants' Initial Disclosures identified numerous individuals with knowledge relevant to the claims and defenses, including HR staff, supervisors, and outside consultants. Yet Defendants have not produced documents or emails from several named individuals (e.g., Elizabeth Jacob, Chesky Weinberger, Mendy Oppenheim) and have not confirmed whether any ESI searches have been conducted.

---

[2] ECF 23 "Thus, the Parties respectfully request a sixty (60) day extension of time to complete fact discovery. This request is the first such request of its kind. This request affects the deadline to complete all discovery which is currently set for August 2, 2025." Parties JT LTR, First Extension Request.

Following the Court's extension, Plaintiff promptly served the above demands and ESI protocol to address these deficiencies. The ESI protocol is neither duplicative nor burdensome—it became necessary only after Defendants failed to produce any meaningful electronic discovery under the original requests.

This conduct fits a troubling pattern: delay, limited production, then strategic invocation of scheduling technicalities to avoid compliance, threats of Rule 11 Sanctions after not filing a motion to dismiss, and misrepresenting what the Court discovery Order provides based on our Joint Submission. The Court's discovery schedule should not be used to excuse the failure to produce plainly discoverable information.

Accordingly, Plaintiff respectfully requests that the Court:

1. Confirm that the June 13, 2025 Order permits timely written discovery, including Requests for Admission and ESI;

2. Compel Defendants to respond to the RFAs and engage in good-faith ESI negotiations using the protocol Plaintiff served;

3. Direct Defendants to produce any remaining documents responsive to Plaintiff's original Requests for Production Nos. 19–23 and 32–33, including all investigation materials, personnel files, and relevant communications.

Plaintiff has acted diligently and in good faith throughout discovery. Defendants' attempts to narrow the scope of permissible discovery after the fact—especially in the face of prior deficiencies—undermine the integrity of the process and warrant the Court's intervention.

/s/ Jordan El-Hag.

By: ____________________________

Jordan El-Hag, Esq.
Attorney for Plaintiff