LINDSEY BLACKWELL
LBLACKWELL@GRSM.COM

MATTEO TARABORRELLI
MTARABORRELLI@GRSM.COM

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™
ATTORNEYS AT LAW
1 BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
(212) 269-5500
WWW.GRSM.COM

July 23, 2025

**VIA ECF**
The Honorable Philip M. Halpern, U.S.D.J
United States District Court
Southern District of New York

Re: *Zahra Chaudhry v. MedWiz Pharmacy, LLC, et al.*
Case No.: 7:24-cv-07915-PMH

Dear Judge Halpern:

We represent defendants MedWiz Pharmacy, LLC ("MedWiz"), Eric E. Newhouse ("Newhouse"), and Pamela Benson (collectively, "Defendants") in the above-referenced matter. We write in response to Plaintiff's letter requesting an extension of time to complete discovery, and further, pursuant to the Court's Individual Practices in Civil Cases 2.C and 4.D, to request a conference to address (1) Defendants' request for a protective order and (2) Defendants' anticipated Rule 11 motion and Plaintiff's request to amend the Amended Complaint. As set forth in detail below, Plaintiff's discovery requests are untimely because the Parties sought a request for extension of the discovery deadline so that they could conduct depositions, not to serve any additional discovery requests. Accordingly, Defendants request the Court enter a protective order against Plaintiff's Request to Admit and Plaintiff's ESI Requests and deny Plaintiff's request for leave to amend.

1. The Parties' Initial Request for Extension of Time to Complete Fact Discovery

On February 25, 2025, the Court entered the Civil Case Discovery Plan and Scheduling Order (ECF No. 14) (the "Scheduling Order"). Pursuant to the Scheduling Order, the Parties were required to serve requests to admit (if any) by June 3, 2025. *See* Scheduling Order, ¶ 5(e). All fact discovery was to be completed by June 18, 2025. *Id.* ¶ 5(a). The deadline to complete *all* discovery (including expert discovery) was set for August 2, 2025. *Id.* ¶ 8.

On April 7, 2025, the Parties exchanged responses to discovery requests.[1] On April 9, 2025, the Court scheduled a settlement conference before Magistrate Judge Reznik, to occur on May 29, 2025 (ECF No. 22). The parties were unable to reach a settlement during the May 29 conference.

On June 3, 2025, the Court-ordered deadline to serve requests to admit expired, without either party serving requests to admit. By email dated June 5, 2025, the undersigned informed Plaintiff's counsel of our intent to request "an extension [of] 45 days to complete discovery in order to conduct depositions." *See* Exhibit A (emphasis added). In response, Plaintiff's counsel requested dates for Plaintiff's deposition and suggested, "we will need maybe a little longer than that, maybe 60 days?" *See id.* Notably, in these communications, Plaintiff's counsel's office never mentioned needing an extension of time to serve additional document requests, requests to admit, or ESI requests. *See id.*

Contrary to Plaintiff's contentions, it is Plaintiff who misrepresents the Parties' prior joint request to the Court. On June 12, 2025, the Parties filed a joint letter requesting an extension of time to complete discovery because "the Parties have yet to conduct depositions and request this additional time in order to do so." (ECF No. 23). (emphasis added). The letter further explained, "With the hopes of settling the matter and foregoing additional costs, the Parties did not conduct depositions in advance of the May 29, 2025 settlement conference, and, due to scheduling conflicts, have been unable to schedule depositions between May 29, 2025, and the present [June 12]." (ECF No. 23). In other words, the Parties' request to extend discovery explicitly states that it was made for the *sole* purpose of having sufficient time to conduct depositions – *not* for serving additional document requests, requests to admit, or seeking extensive ESI searches. Notably, Plaintiff's counsel had an opportunity to review the draft of the Parties' joint letter seeking an extension, and simply approved it without *any* mention of any intent to serve additional requests. *See* Exhibit B. Certainly, they should have included any anticipated outstanding paper discovery in the letter to the Court, or at the very least, notified Defendants of their intent to serve additional discovery so that Defendants could determine whether paper discovery and depositions could realistically be completed within the requested time, and also have an opportunity to oppose Plaintiff's request to extend the deadline for Requests to Admit. On June 13, 2025, the Court granted, in part, the Parties' request by extending the deadline to complete fact discovery to August 2, 2025. (ECF No. 24).

2. After the Court Granted an Extension of Discovery to Conduct Depositions, Plaintiff Served Untimely Discovery Requests

Subsequently, on June 23, 2025, Plaintiff's counsel served (1) Requests to Admit (attached hereto as Exhibit C) (2) extensive ESI requests (attached hereto as Exhibit D), and (3) Second Requests for the Production of Documents to Defendants (attached hereto as Exhibit E). Two days later, on June 25, 2025, Plaintiff also served three (3) deposition notices for Defendant Eric Newhouse, a Rule 30(b)(6) witness, and a non-party witness (Noel Sunny), requesting the depositions be scheduled after Defendants' response to the June 23 discovery requests were due, *i.e.,* after July 23, 2025.

[1] Additionally, Plaintiff made a document production on April 7 and Defendants made their document production on April 9.

On June 29, 2025, Defendants served a Rule 11 letter on Plaintiff, advising Plaintiff that her claims against Defendant Newhouse were frivolous. Defendants' Rule 11 letter is attached hereto as Exhibit F. Shortly thereafter, on July 2, 2025, the undersigned emailed Plaintiff's counsel a deficiency letter, outlining limited deficiencies in Plaintiff's responses to Defendants' discovery requests. A copy of the email to Plaintiff's counsel and attached deficiency letter are included herewith as Exhibit G.[2] In the email, we also advised Plaintiff's counsel that Defendants objected to the discovery requests served on June 23, 2025 because the requests to admit were untimely under the Scheduling Order, noting, "We agreed to a joint request for extension of time to complete discovery so that the parties could conduct depositions. We never agreed to extend the deadline for requests to admit." *See id.* Further, Defendants objected to Plaintiff's ESI demands because it was "too late in the discovery process for our client to retain a vendor (for ESI discovery) and begin the process of transferring and ingesting data for review and production." *Id.* As a good faith compromise, Defendants offered "to conduct a manual search of electronic sources for some of the search terms that you requested and for certain custodians." *Id.*[3] We asked to schedule a meet and confer prior to the July 4 holiday to address Defendants' Rule 11 letter and deficiency letter, as well as Plaintiff's recent request for e-discovery and requests to admit. *See id.* Unfortunately, Plaintiff's counsel was not available to participate in a meet and confer until July 11, 2025.

During the July 11 meet and confer, to resolve the outstanding disputes concerning Plaintiff's untimely discovery requests and attempt to complete discovery by the August 2 deadline, Defendants offered: (1) to serve written responses and objections to Plaintiff's Second Request for Production by July 23, 2025; (2) to produce documents responsive to the Second Requests, to the extent Defendants were not withholding documents on the basis of any objection; and (3) reiterated their offer to conduct a manual search (*i.e.,* without the use of an e-discovery vendor) of electronic sources for some of the search terms Plaintiff requested, upon agreement of time period, custodians, and terms. In exchange, Defendants requested Plaintiff withdraw her untimely Requests to Admit (which were not served by the Scheduling Order's June 3 deadline). Plaintiff refused to consider these requests, make any other proposals to resolve these disputes, or otherwise engage in good faith in the parties' meet and confer.

On July 15, 2025, Plaintiff served subpoenas on the third-party HR agency, Topaz Advisory, and one of its employees (Leslie Talalau) to produce documents and appear for a deposition on July 30, 2025 – before party depositions have even been scheduled.

3. <u>Plaintiff's Request for Extension of the Discovery Deadline</u>

Defendants object to Plaintiff's request for the extension of the discovery deadline, except as warranted to afford time to conduct depositions. Defendants served their responses to Plaintiff's

---

[2] Defendants have not yet received supplemental discovery responses, despite Plaintiff's counsel's assurances to provide same.

[3] To be clear, Defendants have already produced responsive ESI to Plaintiff's First Request for Production, including, but not limited to, emails concerning an employee's complaint that Plaintiff had made anti-Semitic, homophobic and other discriminatory comments in the workplace, and emails concerning Plaintiff's termination.

first requests for the production of documents on April 7, 2025, and shared their production with Plaintiff on April 9, 2025. To date, Plaintiff has never served a deficiency letter in response to Defendants' responses to request for production. To the extent Plaintiff contends Defendants' responses and/or production were deficient, she should take the proper steps: outlining the purported deficiencies, participating in a meet and confer to attempt to resolve (or at least narrow) them, and seek to compel to the extent she believes it necessary. Instead, Plaintiff has served entirely new discovery requests at the eleventh hour.

Defendants intend to serve responses and objections to Defendants' Second Request for Production by the deadline of July 23, 2025. Defendants intend to serve written objections to the Requests to Admit and ESI Requests and to seek a protective order from Plaintiff's Requests to Admit and ESI Requests based upon their untimeliness, in addition to other objectionable grounds (for example, on the basis that they are overly broad and unduly burdensome, not proportional to the needs of the case, and harassing).

4. Plaintiff's Request to Amend the Complaint to Add an Aiding and Abetting Claim Against Defendant Newhouse Should Be Denied

Upon reviewing the Parties' respective document productions, Plaintiff's interrogatory responses, Plaintiff's newly served discovery requests, and the allegations in the Amended Complaint, it was evident that Plaintiff's claims against Defendant Newhouse were not only meritless, but frivolous, and the newly issued discovery (and deposition notice) was intended solely to harass him.

As set forth in Defendants' Rule 11 letter (*see* Exhibit F), Plaintiff's Title VII claims against Defendant Newhouse are not viable because "individuals are not subject to liability under Title VII". *Patterson v. Cnty. Of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004). Similarly, under the NYSHRL, "where a corporate entity [such as Medwiz] is the plaintiff's employer, an individual affiliated with the entity [such as Mr. Newhouse] cannot himself qualify as the employer. That is so even if the individual holds a high post at the employer." *Nezaj v. PS450 Bar and Restaurant*, 719 F. Supp. 3d 318, 329 (S.D.N.Y. 2024). In response, Plaintiff concedes, as she must, that the Title VII and NYSHRL claims against Defendant Newhouse should be withdrawn.[4]

However, Plaintiff's request to amend the Amended Complaint to add an aiding and abetting claim against Defendant Newhouse should be denied. As discussed in Defendants' Rule 11 letter, Plaintiff has not alleged *any* facts in the Amended Complaint upon which to assert such a claim against Mr. Newhouse. The Amended Complaint contains only one allegation regarding Defendant Newhouse: that he "serves as CEO for Defendant MedWiz Pharmacy." Compl. ¶ 6. The allegations against the "Defendants" generally amount to impermissible group pleading and accordingly, are insufficient to state a claim against Defendant Newhouse for aiding and abetting. *See Thomas v. Venditto*, 925 F. Supp. 2d 352, 363 (E.D.N.Y. 2013) ("Here, aside from four paragraphs that state where these defendants reside and where they are employed, they are not mentioned anywhere in the Complaint. Plaintiffs assert that . . . 'all three [defendants] are included not only in those paragraphs, but also in paragraphs wherein the allegations are made

[4] For the same reasons, the Title VII and NYSHRL claims against Defendant Benson are not viable either.

against *all* defendants.' However, it is insufficient for the plaintiffs to rely on group pleading against these defendants without making specific factual allegations against them" and accordingly, dismissing claims against those defendants).

Simply put, Defendants are puzzled by Plaintiff's targeting of Defendant Newhouse and her refusal to dismiss him from this action. The only logical conclusion is that Plaintiff included him as a defendant because she viewed him as a "pressure point" for MedWiz. During the Parties' July 11 meet and confer, Defendants pointed out that there were no specific allegations concerning Defendant Newhouse in the Amended Complaint, and further, Plaintiff did not identify Defendant Newhouse in any of her responses to Defendants' First Set of Interrogatories. Moreover, none of the documents or communications produced by any of the Parties suggests any involvement by Defendant Newhouse in Plaintiff's termination. When the undersigned asked the factual basis for Plaintiff's belief that Defendant Newhouse could be held liable, Plaintiff's counsel speculated that it was reasonable to assume Defendant Newhouse was involved in Plaintiff's termination merely by virtue of his status as the CEO.[5] Plaintiff's cited cases are inapposite because Plaintiff does not allege any facts, nor does she point to any evidence, that Defendant Newhouse "actually participate[d] in the conduct giving rise to" her claims. *See* Plaintiff's Letter at 2 (citing *Feingold v. New York*); *see also id.* (citing *Malena v. Victoria's Secret* (holding individual defendant may be liable for aiding and abetting discrimination where he made complaints about the plaintiff "that may have led to Plaintiff's termination").

In her July 16 letter to the Court, Plaintiff now contends that Defendant Newhouse, by virtue of his position as CEO, likely ratified the termination decision and thus can be liable as an aider and abettor. But by that logic, every CEO could be named an individual defendant in an employment discrimination case. Plaintiff also speculates that Defendant Newhouse may have engaged in "internal discussions concerning the Israeli-Palestine conflict" and seeks discovery of same –which is, of course, nothing more than a classic "fishing expedition".[6] Accordingly, Plaintiff's request for leave to amend by aiding and abetting claims should be denied.

We thank the Court for its attention to the matters raised herein.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

---

[5] Plaintiff's counsel also suggests Defendant Newhouse should be kept in as a defendant because Defendants included him in their Rule 26 disclosures. This argument fails for several reasons. First, Plaintiff's counsel obviously did not decide to name Mr. Newhouse as Defendant based on his inclusion in Defendants' Rule 26 disclosures, as those disclosures were not even served until *after* the Amended Complaint was filed. Second, an individual's identification as a witness in Rule 26 disclosures does not *ipso facto* render that individual a proper defendant or an "aider and abettor" to alleged discrimination.

[6] To the extent the Court orders such documents should be searched for and produced (if they even exist), Defendants respectfully request that Plaintiff should also be ordered to produce the same communications with the assistance of an ESI vendor, given that Defendants terminated her employment after they received a complaint that she had made offensive comments surrounding the Israeli-Palestine conflict, including comments praising Hitler.

/s/ *Lindsey M. Blackwell*
Lindsey M. Blackwell
Matteo Taraborrelli

*Attorneys for Defendants*